## 10296.

### STATE v. DOUGLAS *ET AL.*
#### (101 S. E. 648)

1. HOMICIDE—EVIDENCE OF CIRCUMSTANCES SHOWING CONSPIRACY OF DECEASED TO STEAL DEFENDANT'S DAUGHTER ADMISSIBLE.—In a prosecution for homicide, where the theory of the defense was that there was a conspiracy between deceased and another to steal the infant daughter of the defendant for the purpose of marriage without defendant's consent, the Court erred in not permitting defendant to introduce evidence to show that there was such a conspiracy, being admissible as tending to show who brought on the difficulty and the mental attitude of the parties one to the other, and to throw light on the general circumstances.

2. HOMICIDE—FATHER AND BROTHER ARE JUSTIFIED IN PREVENTING ELOPEMENT OF GIRL UNDER AGE.—Where one was engaged in carrying out an unlawful act by prearrangement and design on his part, acting in concert with others in going to the house of another, or near it, after dark, for the purpose of assisting in the elopement of a girl under 18 years of age for the purpose of marrying her to a man objectionable to the father and without his consent, the girl's father and brother were clearly within their rights in going out of the house to stop it and prevent its accomplishment.

3. HOMICIDE—FATHER AND BROTHER IN PREVENTING ELOPEMENT OF GIRL UNDER AGE HAVE RIGHT OF SELF-DEFENSE.—The father and brother of a girl under 18 years of age had the right to prevent the elopement of such girl, and, if assaulted by a stranger engaged in assisting in the elopement, had the right to protect themselves and to protect each other, and it was for the jury to say whether deceased stranger was there by preconceived agreement with others to assist in an unlawful act.

4. HOMICIDE—FATHER HAS RIGHT TO KILL IN DEFENSE OF SON.—If a son was without fault in bringing on a difficulty and was assaulted under such circumstances as would justify a person of ordinary prudence and reason into believing he was in immediate danger of loss of life or receiving bodily harm, from which he had no probable means of escape by retreat or otherwise, his father had the right to take life to protect him, and under similar circumstances the son could kill to protect his father.

5. CRIMINAL LAW—ACCUSED ENTITLED TO EVERY REASONABLE DOUBT.—One being prosecuted for homicide is entitled to every reasonable doubt in the whole case.

6. CRIMINAL LAW—PUTTING WITNESS IN CHARGE OF JURY IMPROPER.—Although it might not be prejudicial error in a criminal prosecution to put a witness in charge of the jury, such practice is not to be commended.

7. CRIMINAL LAW—TRIAL OF FELONY MUST BE FREE FROM WRONG-DOING.—In the trial of a cause involving human life, or any other felony, the trial should be conducted in a manner free from wrong-doing or even a suspicion of wrong-doing.

Before BOWMAN, J., Orangeburg. May term, 1919. Reversed.

Elijah Douglas and Otis Douglas indicted for the murder of Fuller Sanford. From a verdict of guilty with recommendation to mercy as to Elijah Douglas, and of manslaughter as to Otis Douglas, the defendants appeal.

*Messrs. Wolfe & Berry* and *Brantley & Zeigler,* for appellants, cite: *Testimony as to conspiracy between deceased and others admissible:* 5 R. C. L. 1087; 5 Ann. Cas. 976 and note. *Acts in furtherance of conspiracy occurring before the homicide, connected in point of time and place, are admissible:* 71 S. C. 140, 68 S. C. 304; 68 S. C. 421; 12 Rich. 430-442; 85 S. C. 101; *even where one conspirator is not on trial:* 85 S. C. 153. *Rule as to written request to charge complied with:* 85 S. C. 68; *and further instruction requested should have been given:* 33 S. C. 132.

The decision in this case seems to have been overlooked by a former reporter.

W. M. SHAND, Reporter.

*Rule as to burden of proof as to affirmative defenses, and reasonable doubt being reserved in favor of defendant*: 70 S. C. 432; 88 S. C. 79; 59 S. C. 230; 38 S. C. 346; 76 S. C. 94; 66 S. C. 454; 79 S. C. 226; 84 S. C. 504; 90 S. C. 294.

*Mr. E. C. Mann, Solicitor, and Messrs. Thos. M. Raysor and Adam H. Moss,* for respondent, cite.: *Testimony of outside witness of statement by third party as to what deceased could be persuaded to do was incompetent*: 45 Tex. A. Rep. 348; 76 S. W. 765; 28 Ky. Law Rep. 46; 89 S. W. 8; 75 So. 873 (Ala.;) 75 So. 335. *Conversation at which deceased was not present cannot affect him*: 72 So. 599; 108 S. W. 881. *Judge may elaborate charge at request of juror*: 109 S. W. 53 -(Mo.;) 80 S. E. 8 (Ga.;) *original charge full enough*: 72 S. E. 233 (Ga.;) 212 U. S. 500; 53 L. Ed. 634; 54 S. E. 820 (Ga.;) 139 N. W. 260 (Mich.;) *Officer who is witness may act as custodian of jury*: 139 Pac. 631 (Ariz.;) 17 A. & E. Enc. Law, 1200; 20 Kan. 306; 108 Mich. 509; 95 Mo. 199; 82 N. W. 422; 53 Am. Rep. 387; 58 Vt. 378; 60 Vt. 304; 13 Am. St. Rep. 875; 1 Wash. Ter. 195; 12 Cyc. 670; 32 N. W. 905 .(Mich.;) 36 S. E. 399 (Va.;) 123 S. W. 415 (Tex.;) 150 S. W. 1171 (Tex.;) 156 S. W. 1172 (Tex.)

December 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendants were indicted for murder and tried before Judge Bowman and a jury at the May term of the Court, 1919, for Orangeburg County. The trial resulted in a verdict of guilty with recommendation to mercy as to Elijah Douglas, and guilty of manslaughter, as to Otis Douglas.

After sentence both appealed. The exceptions, eleven in number, raise four questions, first, Exclusion of competent testimony. The appellants impute error in excluding the evidence of Ponnie Barre offered on the

part of the defendant. The theory of the defense was there
was a conspiracy between Sanford and Segrest to "steal"
the daughter of Douglas for the purpose of marriage. The
evidence shows this daughter was under eighteen years of
age, and should have obtained the consent of her father to
marry, and was not entitled to obtain a marriage license
without his consent. The defendants had the right to have
the evidence of this witness, in order that the jury might
determine the question as to who brought on the difficulty,
and whether or not the defendants were without fault in
bringing it on, and to the mental attitude of the parties one
to the other, and to throw light on the general circumstances
surrounding the killing, as to whether or not the deceased
was engaged in a conspiracy and acting in concert with San-
ford, by a prearranged plan to take the daughter of Douglas
away from her father's home in order that she might marry
a man who her father objected to, and to ascertain whether
the deceased was casually, or designedly, at the place where
the difficulty occurred, whether he just happened to be there,
or whether he was there by prearrangement. All of which
the defendants were entitled to have before the jury, to
throw light on the general circumstances surrounding the
circumstances.

If the deceased was engaged in carrying out an unlawful
· act by prearrangement and design on his part—act-
2. ing in concert with the others—going to the house, or
near it, after dark, for the purpose of assisting in the
elopement of the daughter, under eighteen years of age, for
the purpose of marrying her to a man objectionable to the
father, and without his consent, then the father and son
were clearly within their rights in going out to stop it and
prevent its accomplishment.

It was for the jury to say whether the defendants went
out for this purpose and whether or not the deceased

stopped them or obstructed them. The evidence shows deceased was beating the son.

From all the evidence in the case no other inference can be drawn, that they did not meet by accident. It was for the jury to say whether or not the deceased was not there by a preconceived agreement with another or others to assist in an unlawful act. If the son went out to prevent his sister from eloping, and not to raise a row, then he was acting within his rights. If he was obstructed or stopped by the deceased, then it could not be inferred that he brought on the difficulty. He was engaged in a lawful act, and if deceased was there by a preconceived agreement, to assist in participating in an unlawful act, he had no right to obstruct or stop the defendants or either of them. Both defendants, father and son, had the right to prevent the elopement of daughter and sister, and were not to be prevented by strangers engaged in an unlawful act, and if either were assaulted under the circumstances, they had the right to protect themselves and to protect each other. This exception is sustained.

The second group of exceptions complain of erroneous instructions to the jury and third, of refusal to charge certain written requests.

The requests refused should have been charged, the jury were clearly entitled to consider the plea of self-defense. If Douglas shot in defense of his son, it is within the province of the jury to pass on that. A father or son has the right to protect each other. If the son was without fault in bringing on the difficulty, and was assaulted under such circumstances as would justify a person of ordinary prudence and in believing he was in immediate danger of loss of life, or receiving serious bodily harm, from which he had no probable means of escape by retreat or otherwise, then under circumstances of this sort

he has a right to take life. And under similar circumstances the son can kill to protect his father. The defendants were entitled to every reasonable doubt, on the whole case, and the requests embodied this principle, and requests to charge were not covered by his Honor's general charge. These exceptions are sustained.

The four groups of exceptions complain of error in failure to grant new trial because of improper conduct with the jury. We cannot say under all the facts, as brought out, that his Honor was in error, or that putting the witness in charge of the jury in this particular case was prejudicial to the defendants, but such practice generaally is not to be commended, but to be condemned.

In the trial of a cause involving human life or any other felony, the trial should be conducted in a manner free from wrong-doing, or even a suspicion of wrong-doing. This general rule should prevail. In this case the exceptions are overruled.

Judgment reversed.

We concur:

                                    EUGENE B. GARY, C. J.
                                    GEO. W. GAGE, A. J.

I concur in the result.    See within.

                                    D. E. HYDRICK, A. J.

I concur in the opinion of Justice Hydrick.

                                    T. B. FRASER, A. J.

I concur in the result. The first exception should be sustained and the eleventh should be overruled; and, I think, all the other exceptions should be overruled, because, when considered as a whole, there was no error in the charge which was prejudicial to appellants. Some of the requests were properly refused, because they were faulty in statement of the law; others merely restated, in different

words, propositions that had been given in requests that had been charged, or in the general charge, that they were properly refused, on the ground, stated by the Court, that giving them would tend to confuse the jury.

D. E. HYDRICK, A. J.